UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JENA PFIFER,

    Petitioner,

v.                                                 Case No. 5:22cv178-TKW-HTC

PISTRO WARDEN,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner, Jena Pfifer, filed a petition under 28 U.S.C. § 2241, challenging the manner in which the Bureau of Prisons is calculating her First Step Act[1] credits, the refusal of the BOP to provide her with a DHO packet to challenge an incident report, and the denial of placement in a halfway house. ECF Doc. 1. On September 7, 2022, the Court ordered Petitioner to, within thirty (30) days, provide service copies or payment for those copies.[2] ECF Doc. 3. Petitioner did not comply with that Order. On October 14, 2022, the Court gave Plaintiff fourteen (14) days to show

---

[1] 18 U.S.C. § 3632.
[2] The Court also ordered Petitioner to pay the $5.00 filing fee or file a motion to proceed *in forma pauperis*. Petitioner complied with that part of the Order by paying $7.00 to the clerk. This extra $2.00, however, is not sufficient to cover the costs for the clerk to make service copies of the petitioner.

cause why the case should not be dismissed for failure to prosecute or follow orders of the Court. ECF Doc. 5. Petitioner also failed to respond to that Order. Thus, the undersigned respectfully recommends that this case be dismissed for failure to prosecute and to comply with an order of the Court.

A district court may dismiss a petitioner's claims *sua sponte* pursuant to either Federal Rule of Civil Procedure 41(b) or the court's inherent authority to manage its docket. *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a petitioner's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman*, 433 F. App'x at 718; *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

Both the show cause order and this Report and Recommendation services as fair notice to Petitioner, sufficient to allow the Court to dismiss this action *sua*

*sponte*. *See Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (requiring the court employ a fair procedure before dismissing an action *sua sponte*); *see also, Shivers v. Int'l Bhd. of Elec. Workers Local Union 349*, 262 F. App'x 121, 125, 127 (11th Cir. 2008); (noting that report and recommendation served as notice that claims would be *sua sponte* dismissed).

Accordingly, it is respectfully RECOMMENDED that:

1. This case be DISMISSED WITHOUT PREJUDICE for Petitioner's failure to prosecute and failure to comply with Court orders.

2. The clerk be directed to return the $2 excessive payment to Petitioner.

3. The clerk be directed to close the file.

At Pensacola, Florida, this 8th day of November, 2022.

/s/ *Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 5:22cv178-TKW-HTC